*Beacon, Baker & Payer,* for plaintiff.

*Squire, Sanders & Dempsey* and *A. F. Ingersoll,* for defendants.

---

## RIGHT OF ONE ACCUSED TO AN INQUIRY AS TO HIS SANITY.

[Circuit Court of Hamilton County.]

ROSSELOT v. STATE.*

Decided, March 21, 1902.

*Criminal Law—Defense of Insanity—Section 7240 Mandatory—Denial of Right thereunder is Reversible Error.*

1. The provisions of Section 7240, relating to the submission of the question of the sanity of an accused person to a special jury, are mandatory.

2. Where one accused of homicide sets up the defense of insanity, he is entitled to a trial on that issue before a jury impanneled for that purpose only, and if found insane his trial on the truth of the indictment shall not proceed.

SWING, J.; GIFFEN, J., and JELKE, J., concur.

Heard on error.

The plaintiff was tried and convicted in the court of common pleas of the crime of murder in the second degree.

After the jury had been sworn, and during the progress of the trial, the aforesaid Rosselot's counsel suggested to the court

---

*Affirmed by the Supreme Court (69 O. S., 91).

that Rosselot was insane, and produced to the court the certificate of one John T. Booth, who represented himself as a reputable physician practicing medicine in the city of Cincinnati. Said Dr. Booth represented to the court that he had examined the said Rosselot and found him to be an insane man, and wholly unable to give any assistance to his counsel or give evidence as a witness; and defendant requested the court to have a jury impanneled under the provisions of Section 7240, Revised Statutes, to try the question as to the sanity of the defendant. This the court refused to do, and defendant excepted.

The court gave as its reasons for not granting the request the following:

"But I am of the opinion that this is not the proper time to take advantages of the proceedings provided for in that section to test the defendant's sanity, and the court wishes it to be made a part of the record that when the defendant was brought into the court for trial yesterday morning, December 16, that no objection was made by Mr. Cogan, the only counsel for the defendant then present, upon the ground that the defendant was mentally incapable of going to trial. Mr. Cogan entered a protest to proceeding with the trial and desired that his exception be saved to the ruling of the court that he must proceed with the trial. The court made inquiry of various persons after the defendant was brought into court to ascertain if he was in mental condition to proceed with the trial, and was satisfied at the time that he was, and thereupon ordered the trial to proceed. It is the opinion of the court at this trial therefore that the defendant is able to proceed with the trial, and the trial must go on."

It should be noted that Mr. Shay, the leading counsel of defendant, was not present at the beginning of the trial, but made said suggestions soon after he entered on the trial of the case.

Section 7240, Revised Statutes, provides:

"When the attorney of a person indicted for an offense suggests to the court in which the indictment is pending, at any time before sentence, that such person is not then sane, and a certificate of a respectable physician to the same effect is presented to the court, the court shall order a jury to be impanneled to try whether or not the accused is sane at the time of such impanneling."

This provision of the statute is mandatory, and the court must comply with the same provided the party indicted has brought himself within its provisions. Undoubtedly the court in the first instance is vested with the power to determine whether or not the attorney of one indicted for an offense suggests to the court the insanity of the accused and whether or not a certificate of a respectable physician is presented suggesting said insanity of the accused; but these provisions of the statute having been complied with, nothing remains for the court to do but to proceed in accordance with the requirements of the statute to impannel a jury and try the question of the sanity of the defendant.

In this cause the court refused to comply with the statute, but took upon itself to determine whether the defendant was sufficiently sane to proceed with his trial. The trial proceeded, and the defendant was convicted of the crime charged in the indictment, and sentenced, as required by law. The result is that the defendant was denied the right to have his sanity tried by a jury, under the provision of this section, when he had complied with its provisions, there being no suggestion in the record that the attorneys of the defendant did not suggest the insanity of the defendant, or that the defendant did not also present a certificate of a respectable physician to the same effect.

The defendant had the right to be tried by a jury as to his sanity at the time of the impanneling of the jury. If insane, the trial should not have proceeded, for it is the intent of the law that a man shall not be tried on an indictment at a time when he is insane. And whether he is insane or not, he is to be tried by a jury impanneled for that purpose alone, and not by the judge or jury which is impanneled to try the issue as to the truth of the indictment.

In refusing to submit this question to a jury, we think the court erred, and for this error the judgment should be reversed, and cause remanded for further proceedings.

*Shay & Cogan,* for plaintiff in error.

*Louis B. Sawyer* and *Arthur C. Minning,* for defendant in error.